UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MATHEW LANEAVE, | Case No. 3:25-cv-00508-MMD-CSD |
| Plaintiff, | ORDER |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

Plaintiff Mathew Laneave brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Lovelock Correctional Center. (ECF No. 1-1 at 1.) On February 9, 2026, this Court ordered Plaintiff to file his updated address with the Court and either pay the full $405 filing fee or file an application to proceed *in forma pauperis* for non-inmates by March 9, 2026. (ECF No. 5.) The Court warned Plaintiff that the action could be dismissed if he failed to timely comply. (*Id.* at 1.) That deadline expired and Plaintiff did not file his updated address, pay the filing fee, apply for *in forma pauperis* status, or otherwise respond.

I.      **DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to

dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot proceed until Plaintiff addresses the matter of the filing fee, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. And without an updated address, the likelihood that a second order would reach Plaintiff is low. The circumstances here do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

**II.      CONCLUSION**

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file his updated address with the Court and address the matter of the filing fee in compliance with this Court's February 9, 2026, order.

The Clerk of Court is directed to enter judgment accordingly and close this case. If Mathew Laneave wishes to pursue his claims, he must file a complaint in a new case and either pay the filing fee or apply to proceed *in forma pauperis*.

DATED THIS 17th Day of March 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE